# SUPREME COURT.

## The Lucusterine Fertilizer Company agt. Silas M. Stilwell and Silas M. Stilwell, Jr.

*Deed of real estate reserving certain property so situate as to be a part of the realty, with the privilege of removing same within a specified time — effect of such exception.*

In a deed of real estate a reservation or exception of certain property upon the land so situate as to be a part of the realty, with the privilege of removing the same by a certain time, reserves no title in the grantor to the property so reserved, if not removed within the specified time.

In 1865 Regal M. Torrey, being the owner of a certain tract of land in Seneca county, conveyed the same to one Henry C. Spaulding, by deed which contained the following clause: "Excepting the beds or deposit of marl lying on both sides of the new cut for the Canandaigua river, which passes through said land, and it is an express stipulation and agreement between the parties hereto, that the said marl may remain on said land for a period of ten years from the date of this indenture, and that the party of the first part may, at any time within said ten years, remove a part or the whole of said marl." In 1867 Torrey, by bill of sale, conveyed the marl to Henry A. Barnum, under which bill of sale the plaintiffs claim. The defendants claim under the deed to Spaulding. Torrey died in 1870.

*Held,* first, that the exception in the Spaulding deed existed only in favor of Torrey, the grantor, and terminated with his life, if it did not expire with the ten years.

Second, that the exception was only of so much marl as Torrey might remove in ten years, and not of the entire quantity, if unremoved at the expiration of that period. All that was unremoved when the ten years had expired passed by the deed.

*New York, Chambers, September Term,* 1876.

Motion by plaintiffs to continue an injunction.

*Theodore M. Morgan*, attorney, *Henry S. Bennett*, of counsel, for plaintiff.

*John Commins*, attorney, *Stilwell Gardiner*, of counsel, for defendants.

WESTBROOK, *J*.— Whilst one Regal M. Torrey was the owner of a tract of land in Seneca county, in the state of New York, for the purpose of improving the Erie canal, a cut was made through such premises and the excavations deposited upon both sides thereof.

On the 6th day of January, 1865, whilst still owning the land, Torrey conveyed the premises to one Henry C. Spaulding, by deed which contained the following clause : " Excepting the beds or deposit of marl lying on both sides of the new cut for the Canandaigua river, which passes through said land, and it is an express stipulation and agreement between the parties hereto, that the said marl may remain on said land for a period of ten years from the date of this indenture, and that the party of the first part may, at any time within said ten years, remove a part or the whole of the said marl."

In. 1867 Torrey, by bill of sale, conveyed the marl to Henry A. Barnum, under which bill of sale the plaintiffs claim.

The defendants claim under the deed to Spaulding, which contains the exception hereinbefore given, and a conveyance from the devisees of Torrey, who, in 1869, had again acquired title to the premises conveyed to Spaulding by the foreclosure of a mortgage given for a part of the purchase money.

The questions which this cause presents are, among others, as to the effect of the exception contained in the Spaulding deed.   Torrey died about the year 1870.

From the language of the exception in the Spaulding deed it is reasonably clear that it existed only in favor of Torrey and certainly terminated with his life, if it did not expire with the ten years.   It is true that the " beds or deposit of

marl" are excepted from the grant, but "the express stipula-
tion and agreement" (using the language of the clause creat-
ing the exception) "of the parties" to the deed, reserved the
right to "the party of the first part" only, to, "at any time
within said ten years, remove a part or the whole of said
marl." The exception being only to the grantor himself, the
rule contained in *Washburn on Real Property* (3*d edition*,
*vol.* 3, *page* 371) applies: "If the exception be to himself,
without words of inheritance, the grantor takes only a life
estate; and if he means to retain a fee in what he excepts,
he must limit it accordingly" (*See, also, Jamaica Pond Aque-
duct Corporation* agt. *Chandler and others*, 9 *Allen*, 159–170;
*Curtis* agt. *Gardner*, 13 *Metcalf*, 457, 461).

In this case, however, there was an express limitation to
the exception. The words excepting the marl from the ope-
ration of the grant are to be read in connection with the
whole clause; and so reading them it is apparent that the
exception was only of so much marl as Torrey might remove
in ten years and not of the entire quantity, if unremoved at
the expiration of that period. After the exception of the
marl is made the parties expressly agree that the marl may
remain upon the land for ten years, and that during that·time
Torrey might remove the whole or any part of it. No provi-
sion for entry upon the premises conveyed to remove the
material after that period is made, and without it the excep-
tion would be useless.

In *Holton* agt. *Goodrich* (35 *Vermont*, 19) it was held:
"In a deed of real estate a reservation of the buildings and
stone upon the land so situate as to be a part of the realty,
with the privilege of removing the same by a certain time,
reserves no title in the grantor to the property so reserved,
if not removed within the specified time." In that case the
language was: " *Ever* reserving the said meeting-house and
meeting-sheds and all stones on the premises, *and* the priv-
ilege of getting said house, sheds and stone off from the
premises till the 1st day of April, 1858." It will be noticed

that the reservation, following the language of the conveyance, was "*ever*," but the privilege of removing was "till the 1st day of April, 1858." Construing the clause as a whole the court say (*page* 21): "The intention of the parties, as collected from the deed and the character of the transaction, was that the plaintiffs should have no right to the property after the 1st of April, 1858, unless they remove it from the premises before that day. If the property was removed by that time it belonged to the plaintiffs, but if not removed by that time their right to it was gone. This seems to be the natural and obvious construction of the deed."

Looking at the kind of the material to be moved in the *Vermont Case* and that excepted for a similar purpose in the present, the manifest intention in the latter is even more obvious. It can scarcely be argued that if the right to remove the marl was an ever continuing one, productive as it would have been of ever continuing damage, the conveyance would have been accepted. Certain it is that there is no sense in the express stipulation of the parties giving the right of removal to the grantor for the period of ten years, if such right was not then to terminate. The "express stipulation and agreement between the parties" to the deed was very useless, unless it be construed to work a limitation upon the exception. Such agreement creates no forfeiture but limits the marl excepted from the grant to so much as might be carried away during the prescribed period. All that was unremoved when the ten years had expired passed by the deed.

The same point was decided by the general term of the third district, during the year 1866, in an unreported case. The title of the cause was *Samson & Boice* agt. *Simpson & Longyear*. It was a sale of hemlock bark upon a tract of land in Ulster county to be removed in a specified term of years. The court in that case also held that the true construction of the instrument was, that it was not a sale of all the bark upon the tract, but only of so much as should be

Lucusterine Fertilizer Company agt. Stilwell.

removed during the period prescribed for that purpose, and dissolved the injunction which had been obtained to prevent the defendants from peeling the bark, they having obtained title to the lot after the period had elapsed during which the plaintiffs had the right to carry it away.    This case is referred to from memory, the writer of this opinion having been counsel therein for the defendants.

Having reached the conclusion hereinbefore stated it follows that the injunction cannot be continued, and that the temporary stay must be dissolved with ten dollars costs.